# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STAFFORD E. NELSON,**

         **Plaintiff,**

**-vs-**                             **Case No.  6:06-cv-1431-Orl-31KRS**

**PHILLIP HICKS,**

         **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the Application to Proceed Without Prepayment of Fees filed by Plaintiff Stafford E. Nelson.  Doc. No. 2.  On September 18, 2006, Nelson filed a complaint against Phillip Hicks.  Doc. No. 1.  Nelson seeks to proceed without prepayment of fees under 28 U.S.C. § 1915.

        Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Nelson's complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997)  (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

        It is not clear from Nelson's complaint that this Court has subject matter jurisdiction over his dispute. "Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte*

Dockets.Justia.com

whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (internal

quotations and citations omitted).  Nelson's "Complaint" consists solely of a letter requesting

assistance from what appears to be an attorney's office.  From the letter, it appears that Hicks

recorded a claim of lien against Nelson's home without Nelson's knowledge.  Nelson also

references an increase in his mortgage payments and states that he feels taken advantage of by the

company that processed his loan.  Doc. No. 1.  As exhibits, Nelson attached a copy of the Claim of

Lien allegedly recorded by Hicks, and a copy of a warranty deed executed by Hicks in favor of

Nelson.  Doc. No. 1-2.  Because the two documents use different descriptions, it is unclear

whether they refer to the same real property.

It is not clear from the complaint what, if any, basis for federal jurisdiction exists in this

case.  Nelson does not specify any federal constitutional or statutory provisions that he believes

were violated.  He also fails to provide any information about the defendants that suggests that the

defendants were acting under color of state law.  Accordingly, it does not appear that this Court

could exercise federal question jurisdiction.  28 U.S.C. § 1331.

In order for the Court to exercise diversity jurisdiction, the parties must be citizens of

different states and the amount in controversy must exceed $75,000.00.  28 U.S.C. § 1332.  Nelson

does not allege the state in which he and Hicks are citizens, although it appears from the various

documents that both Nelson and Hicks are currently residents of Florida.  Therefore, the complaint

is insufficient to establish that this Court could exercise diversity jurisdiction.

Because this Court may not proceed unless subject matter jurisdiction is clear, *Lifestar*

*Ambulance Service, Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004), I respectfully

recommend that the Complaint be dismissed without prejudice, and that the motion to leave to

proceed *in forma pauperis*, doc. no. 2, be denied without prejudice. Nelson should be given leave to file an amended complaint to allege a basis for this Court to exercise jurisdiction. *Cf. Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that a civil detainee should have been given leave to amend after the *sua sponte* dismissal of his complaint under § 1915(e)(2)(B)). Alternatively, of course, Nelson may file his complaint in state court.

Should Nelson choose to refile in this Court, rather than in state court, he must follow the pleadings requirements of this Court. In order to state a claim that is cognizable in federal court, Nelson must state a claim, based on fact and law, that falls under the federal court's jurisdiction.

To state a claim based on a federal question, Nelson must include in his amended complaint a description of actions taken by the defendant that allegedly violate the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nelson must identify the specific provision of the Constitution, federal law, or treaty that was violated. He must then explain the actions taken by the defendant that allegedly violated the cited provision and describe how he was harmed by the defendant's actions. Nelson must also identify the defendant with reasonable specificity by providing the defendant's complete name and address.

To state a claim based on diversity jurisdiction, Nelson must allege that he and the defendant are citizens of different states. As with any claim, Nelson must provide the complete name and address of the defendant. He also must state in his amended complaint the facts upon which he believes the defendant violated a law and how the violation harmed him.

Based on the foregoing, I respectfully recommend that the Complaint filed in this action, doc. no. 1., be **dismissed without prejudice**, and that the motion to proceed *in forma pauperis*, doc. no. 2, be **denied without prejudice**. I further recommend that the Court give

the plaintiff eleven days from the date of the ruling on this Report and Recommendation to file an amended complaint and a renewed motion to proceed without payment of fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 20, 2006.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy